**U.S. DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION - MINNEAPOLIS**

---

Multi-Tech Systems, Inc.,
a Minnesota corporation

Plaintiff,

vs.

Floreat, Inc., a California corporation,

Defendant.

Court File No. 01-CV-1320
DDA/FLN

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS, the parties to the above-captioned action anticipate that some of the information produced in discovery may contain or constitute confidential information, and the parties wish to expedite and facilitate the production of such information;

NOW THEREFORE, it is hereby stipulated and agreed among the parties as follows:

1. As used herein, "CONFIDENTIAL INFORMATION" means all documents and all other information which has been designated by any party as either "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL" or "ATTORNEYS EYES ONLY" according to the procedures set forth below. In the case of documents, including discovery responses, such designation shall be made by stamping the designation on the document, in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential, and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information confidential.

2. All Confidential Information shall be used solely for purposes of this litigation and not for any other purpose whatsoever.

FILED 12-3-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Documents marked "CONFIDENTIAL" may be used by, copied by, exhibited to or disclosed to only the following persons or entities:

(a) The parties and/or their employees;

(b) Attorneys for the parties, and such of their partners, associates or employees who are directly and necessarily involved in the preparation or trial of this case;

(c) Court reporters used in connection with this action at deposition and/or trial;

(d) The Court and its staff; and

(e) Testifying or consulting experts who are not otherwise employed by the parties or any entities related to the parties, and employees of such testifying or consulting experts.

4. Documents marked "RESTRICTED CONFIDENTIAL" may only be used by, copied by, exhibited to or disclosed to the individuals listed in Paragraphs b., c., d., and e. above. The parties agree that documents shall only be marked "RESTRICTED CONFIDENTIAL" if the documents are such that their disclosure to any employees of the opposing party may cause irreparable injury, or that the documents contain identification of customers, pricing information, cost information, product specifications and formulas that are not publicly available, or other information that would satisfy the definition of Minn. Stat. § 325C.01, subd. 5.

5. Documents and information marked "ATTORNEYS EYES ONLY" may be used by, copied by, exhibited to or disclosed to only the individuals listed in Paragraphs b., c., d. and e. above.

6. Nothing in this Stipulation shall restrict a party's right to seek a protective order from the Court.

7. No person, other than those listed in paragraph 2 a., b., c. and d., may be shown or given access to Confidential Information unless and until s/he indicates in writing by signing a copy of the attached Exhibit A that s/he has read, understood, and will abide by the terms of this Protective Order.

8. All depositions or portions thereof taken in this matter may be designated pursuant to one of the categories of confidentiality as set forth above. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified under this Protective Order. Confidentiality designations for depositions shall be made either on the record or by the written notice to the other party within ten (10) business days of receipt of the transcript. Depositions shall be treated as "RESTRICTED CONFIDENTIAL" during the ten-day period following receipt of the transcript.

9. The deposition of any witness (or any segment thereof) which discusses or discloses documents marked "RESTRICTED CONFIDENTIAL" or "ATTORNEYS EYES ONLY" will be taken only in the presence of attorneys for the parties, the Court or stenographic reporter, and persons who are qualified to have access to Confidential Information in accordance with this Protective Order.

10. Any party herein may request a change in the designation of any information designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS EYES ONLY." If a party to whom such information is produced (the "Receiving Party"), believes in good faith that any information is improperly

designated pursuant to the categories set forth above, the Receiving Party may, within ten (10) business days after receiving such information, notify the Designating Party of all information which is believed to be improperly designated. Within ten (10) business days of receipt of such notice, the parties shall confer and attempt to resolve all disputes as to document designation. Within fifteen (15) business days of receipt of such notice, the Designating Party shall, by motion or otherwise, apply to the Court to determine whether the information is properly designated and shall submit a letter brief explaining the grounds for the designation. Within seven (7) business days thereafter, the Receiving Party shall have the right to respond with a letter brief addressing the disputed designations. The matter may be resolved by hearing, or, if the Court is available, by telephone conference. The Designating Party shall bear the burden of demonstrating that the information is properly designated pursuant to this Protective Order. The documents and information shall be deemed confidential during the period that the designation is disputed.

11. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the Court Administrator that contain any Confidential Information shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court Administrator in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by Court personnel, nor are the contents thereof to be disclosed except by Order of the Court.

12. This Protective Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of confidential material.

13. Information designated as confidential by the parties pursuant to one of the categories set forth above shall remain subject to the terms of this Protective Order unless and until the parties agree to the deletion of the designation or upon order of the Court.

14. Within a reasonable time after the final disposition of this action, all information covered by this Protective Order shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated confidential is so destroyed, the party destroying the information shall certify to the other party that all confidential information of the other in its possession, care, custody, or control has been destroyed.

15. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by providing all other parties with a written description of such documents or information within ten (10) days of production (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the ten (10) day designation period, and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

16. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or from seeking a ruling from the Court at any time that any such documents, testimony, or other materials or information need not be treated as confidential. In addition,

information designated as "confidential" pursuant to this Protective Order shall not be construed by either party to constitute proprietary or trade secret information for any other purpose.

WINTHROP & WEINSTINE, P.A.

Dated: November 27, 2001

By: ______________________
Thomas J. Puff (#17774X)
Brooks F. Poley (#185139)
David A. Davenport (#285109)

3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 347-0700
Facsimile: (612) 347-0600

***Attorneys for Defendant Floreat, Inc.***

LOMMEN, NELSON, COLE & STAGEBERG, P.A.

Dated: November 28, 2001

By: ______________________
Roger V. Stageberg (#104292)
Barry A. O'Neil (#220875)

80 South Eighth Street
1800 IDS Center
Minneapolis, Minnesota 55402

***Attorneys for Plaintiff Multi-Tech Systems, Inc.***

IT IS SO ORDERED.

Dated: Nov. 30, 2001.

DISTRICT COURT

______________________
Magistrate Judge of District Court

idmsmpl:475935_1

EXHIBIT A

I will not divulge to persons other than those specifically authorized by the above Protective Order, and will not copy or use, except solely for the purposes of this litigation and pursuant to the terms of the Protective Order, any documents or information, or copies thereof, designated "CONFIDENTIAL", "RESTRICTED CONFIDENTIAL" or "ATTORNEY EYES ONLY" obtained pursuant to the above Protective Order. No later than thirty days after final termination of this legal action, I will return to trial counsel all documents or copies thereof containing confidential information, including, all copies, excerpts, summaries, and notes, which have come into my possession, custody or control and all documents which I have prepared relating thereto.

Dated: _______________. ___________________________________

idmsmpl:475935_1

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500